UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x
DR. GERALD FINKEL, as Chairman of the Joint :
Industry Board of the Electrical Industry :
: **ORDER**
Plaintiff, :
: 07-CV-2227 (ENV) (MDG)
-against- :
:
UNION ELEVATOR CORP., :
:
Defendant. :
-------------------------------------------------------------------x

**VITALIANO, D.J.**

On October 1, 2008, the Court granted plaintiff's motion for default judgment and referred this action to Magistrate Judge Marilyn D. Go to conduct an inquest. Magistrate Judge Go has issued a Report & Recommendation ("the R&R") to which plaintiff has now made two limited objections. Plaintiff argues that the R&R erroneously (i) denies an award of $192.20 for interest due on delinquent 401(k) payments and (ii) reduces the proposed award of attorney's fees. For the reasons set forth below, the Court agrees with plaintiff that it should have been awarded interest on the delinquent payments to the 401(k) plan, but otherwise adopts the R&R in its entirety, including its calculation of attorney's fees.

## Background

Plaintiff Dr. Gerald Finkel, in his capacity as Chairman of the Joint Industry Board of the Electrical Industry, brought this action against defendant Union Elevator Corporation, pursuant to 29 U.S.C. §§ 1104, 1109, 1132, and 1145, alleging that defendant had violated the Employee Retirement Income Security Act of 1974, ("ERISA") by failing to submit required payroll reports

1

and make contributions to employee benefit plans, including the employee 401(k) plan.

Defendant was served with the complaint on June 7, 2007. After defendant failed to appear or otherwise respond to the complaint, plaintiff moved for default judgment on November 15, 2007. On October 1, 2008, the Court granted plaintiff's motion for default judgment and referred the action to Magistrate Judge Marilyn D. Go to conduct an inquest.

Following a review of the relevant submissions, Magistrate Judge Go issued a Report and Recommendation ("R&R") on March 14, 2011, recommending that judgment be entered against defendant in the amount of $117,838.97, reflecting (a) $68,850.51 for unpaid contributions; (b) $6,168.32 for interest on unpaid contributions through March 31, 2011, at a rate of $5.66 per day until the entry of judgment; (c) $5,341.23 for interest on late-paid contributions; (d) $184.49 for underpaid contributions; (e) liquidated damages of $29,031.74; (f) $7,574.00 in attorney's fees; and (g) $496.48 in costs. Plaintiff also sought $192.90 in interest due to defendant's failure to remit withheld employee contributions to the 401(k) plan, as plaintiff argued defendant was required to do as a plan fiduciary. However, Magistrate Judge Go recommended denying this award on the basis that plaintiff had not adequately demonstrated that defendant qualifies as a plan fiduciary under ERISA.[1]

On March 31, 2011, six minutes prior to the relevant deadline, plaintiff filed two limited objections to the R&R. First, plaintiff argues that defendant has acted as a fiduciary for the 401(k) plan under ERISA, and so Magistrate Judge Go should have recommended the award of $192.20 for additional interest due the plan. Second, plaintiff argues that Judge Go erred in reducing the suggested award of attorney's fees by lowering the rate of $200 per hour proposed for

---

[1] The conclusion of the R&R recommends that plaintiff be awarded this amount, notwithstanding the recommendation in the body of the R&R that the award be denied. The Court understands the inclusion of this award in the conclusion to be a typographical error.

two junior associates to $150 per hour.

The Court will now address these objections in turn. Defendant has filed no objections, nor responded to those filed by plaintiff.

**Discussion**

In reviewing a report and recommendation, the court "may accept, reject, or modify, in whole or in part, the findings and recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). In order to accept a magistrate judge's report and recommendation where no timely objection has been made, the "court need only satisfy itself that there is no clear error on the face of the record." Urena v. New York, 160 F. Supp. 2d 606, 609-10 (S.D.N.Y. 2001) (quoting Nelson v. Smith, 618 F. Supp. 1186, 1189 (S.D.N.Y. 1985)). However, "[s]hould either party object to the magistrate [judge's] recommendation, section 636(b)(1) provides that '[a] judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made.'" Grassia v. Scully, 892 F.2d 16, 19 (2d Cir. 1989).

*Interest on employee contributions to the 401(k) plan*

The R&R recommends that, because plaintiff has not demonstrated that defendant qualifies as a plan fiduciary under ERISA, plaintiff is not entitled to interest due to defendant's failure to remit withheld employee contributions to the 401(k) plan. Unlike the common law definition of fiduciary, which rests "on the position a person holds," ERISA's definition of fiduciary rests on the function a person plays. Mason Tenders Dist. Council Pension Fund v. Messera, 958 F. Supp. 869, 881 (S.D.N.Y.1997) (citing, inter alia, Mertens v. Hewitt Assocs., 508 U.S. 248, 262 (1993)). In relevant part, ERISA provides that a "person is a fiduciary with respect to a plan," and therefore

subject to ERISA fiduciary duties, "to the extent" that he or she "exercises any discretionary authority or discretionary control respecting management of such plan or exercises any authority or control respecting management or disposition of its assets," or "has any discretionary authority or discretionary responsibility in the administration of such plan." 29 U.S.C. § 1002(21)(A).[2] As the Second Circuit has recognized, Congress intended ERISA's definition of fiduciary "to be broadly construed." Blatt v. Marshall & Lassman, 812 F.2d 810, 812 (2d Cir.1987).

In reasoning that defendant does not qualify as a fiduciary under ERISA, the R&R relies on two Second Circuit cases, LoPresti v. Terwilliger, 126 F.3d 34 (2d Cir. 1997), and Finkel v. Romanowicz, 577 F.3d 79 (2d Cir. 2009). In LoPresti, a pension fund trustee and others sued two shareholder-officers of a corporation for paying creditors with funds withheld from employees' wages that should have been remitted to the pension fund. On appeal, the trustee challenged the district court's holding that neither shareholder-officer qualified as a fiduciary under ERISA. See 126 F.3d at 36-37. The Circuit affirmed in part and reversed in part, holding that one of the shareholder-officers did satisfy ERISA's definition. In the Second Circuit's view, because this shareholder-officer was (i) involved in the commingling of plan assets with the company's general assets, (ii) had a role in deciding which creditors were to be paid with these assets and when, and (iii) actually signed checks to creditors using the commingled funds, he had "exercise[d] . . . authority or control respecting . . . disposition of [plan] assets," and hence qualified as a fiduciary under ERISA. Id. at 40. By contrast, the court held that the other shareholder-officer—who, despite having authority to write checks to creditors on the company's account, had "no responsibility for determining which of the company's creditors would be paid or in what

---

[2] The fiduciary may be a corporate entity. See 29 U.S.C. § 1002(9) (defining "person" as "an individual, partnership, joint venture, corporation, mutual company, joint-stock company, trust, estate, unincorporated organization, association, or employee organization").

4

order"—did not so qualify. Id. at 40-41.

In Romanowicz, the Second Circuit affirmed the district court's dismissal of claims against an individual corporate officer for breach of fiduciary duty. See 577 F.3d at 86. Before the district court, plaintiff (the same as in the instant case) argued that the individual officer was an ERISA fiduciary because he had failed to remit employee contributions to the 401(k) plan. Finkel v. Whiffen Elec. Co., Inc., No. 06-cv-01269, 2007 WL 1395562, at *1 (E.D.N.Y. May 14, 2007). The district court agreed with plaintiff that, under ERISA, the unpaid contributions should be considered as assets of the 401(k) plan. Id. at *1 & n.1. However, relying on LoPresti, the district court nonetheless rejected plaintiff's argument that the officer was a plan fiduciary. In the absence of any allegation that "(1) [the officer] had the authority to determine which company bills to pay and when; or (2) he exercised that authority by using the money from the unpaid contributions for company payments," the court held that plaintiff could not demonstrate that he had the requisite control or authority over plan assets. Id. at 2. The Second Circuit affirmed. Recognizing that the unpaid contributions became plan assets once money was withheld from employees' wages, see 577 F.3d at 85 n.8 (citing In re Halpin, 566 F.3d 286 (2d Cir.2009)), the court held that plaintiff nonetheless had failed to allege that the individual officer "engaged in, or had the authority to engage in, any activities that would make him a fiduciary," id. at 86-87.

From these cases, the R&R concludes that plaintiff here has not alleged facts sufficient to establish that defendant exercised sufficient authority and control over the assets of the 401(k) plan to be deemed an ERISA fiduciary, because there is no allegation that the company "actually used plan assets to pay the company's bills." (R&R 20.) As plaintiff argues in its objections to the R&R, however, LoPresti and Romanowicz concerned whether individual corporate officers were personally liable for a failure to remit withheld wages to employee benefit plans. In this case, by

5

contrast, it is the corporation itself, not its officers, that plaintiff alleges has breached a fiduciary duty by failing to remit withheld wages to the 401(k) plan. Unlike in the case of individual officers, there is no doubt that the corporation had the requisite authority and control over unremitted funds to qualify as an ERISA fiduciary. For instance, defendant unquestionably had the authority to determine "which of [its] creditors would be paid or in what order," LoPresti, 126 F.3d at 40, which the Second Circuit has suggested is sufficient for fiduciary status regarding plan assets in its control. See id. It is not necessary for plaintiff to have shown that defendant "actually used" plan assets to demonstrate that defendant is a fiduciary. See Romanowicz, 577 F.3d at 86-87 (finding no fiduciary status because plaintiff "has not alleged that [defendant] engaged in, or had the authority to engage in, any activities that would make him a fiduciary") (emphasis added).

Nor is it necessary for plaintiff to have actually used plan assets to pay creditors in order to have breached its fiduciary duties. Under ERISA, "all assets of an employee benefit plan shall be held in trust," 29 U.S.C. § 1103(a), "for the exclusive purposes of providing benefits to participants in the plan and their beneficiaries," id. § 1103(c)(1). Plan assets include all amounts "'that a participant has withheld from his wages by an employer[ ] for contribution to the plan as of the earliest date on which such contributions can reasonably be segregated from the employer's general assets.'" Romanowicz, 577 F.3d at 85 n.8 (quoting 29 C.F.R. § 2510.3-102). Thus, by failing to remit withheld funds to the 401(k) plan, defendant breached its fiduciary duties to ensure that the plan's assets were held in trust, see 29 U.S.C. § 1103(a), and did not inure to its own benefit, see id. § 1103(c)(1) (stating in relevant part that "the assets of a plan shall never inure to the benefit of any employer").

In sum, plaintiff has adequately alleged that defendant qualifies as a fiduciary under

ERISA and has breached its fiduciary duties. Damages due to this breach should be awarded. The findings and recommendation of the R&R are modified to that extent.

*Attorney's fees*

Plaintiff also objects to the R&R's recommendation that the award of attorney's fees proposed by plaintiff be decreased by lowering the rate of $200 per hour proposed for two junior associates to $150 per hour. In calculating an appropriate award of attorney's fees, a court must establish a reasonable hourly rate, which is "the rate a paying client would be willing to pay." Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of Albany, 493 F.3d 110, 112 (2d Cir. 2007). Reasonable hourly rates are determined by reference to fees in the community in which the action is pending and to the skill and experience of the attorneys who worked on the matter. Luciano v. Olsten Corp., 109 F.3d 111, 115-16 (2d Cir. 1997). Ultimate determination of a reasonable fee award under ERISA "lies within the sound discretion of the district judge." DeVito v. Hempstead China Shop, Inc., 831 F. Supp. 1037 (E.D.N.Y. 1993).

Plaintiff argues that the proposed rate of $200 per hour for two associates, Ms. Brooks and Ms. Turner, was reasonable. However, none of the cases plaintiff cites in support of this argument indicates that this rate is reasonable for junior associates.[3] Indeed, at least one of plaintiff's cases supports the argument that the proposed rate be reduced. See Trustees of the Mason Tenders Dist. Council Welfare Fund v. Stevenson Contracting Corp., No. 05-cv-5546, 2008 WL 2940517 (S.D.N.Y. July 29, 2008) (adopting report and recommendation proposing that suggested rate of $200 per hour for associate with between one and two years of relevant experience be reduced to $165 per hour). Other cases cited in the R&R confirm the

---

[3] The two associates have practiced in the area of employee benefits since 2005 and 2006, respectively; this action was filed on June 1, 2007.

7

appropriateness of the recommended reduction. See LaBarbera v. ESL Home Remodeling Inc., No. 06-cv-1372, 2007 WL 708359, at *6 (E.D.N.Y. Feb. 28, 2007) (reducing associate's rate to $150 per hour); King v. STL Consulting, LLC, No. 05-cv-2719, 2006 WL 335115, at *7-*8 (E.D.N.Y. Oct. 3, 2006) (awarding $100 per hour for associate admitted in 2005); LaBarbera v. J.E.T. Res., Inc., 396 F. Supp. 2d 346, 352-53 (E.D.N.Y. 2005) (awarding associate $150 per hour).

Based on these cases and using its discretion to determine a reasonable fee award, the Court holds that the award of attorney's fees should be reduced in the manner recommended by the R&R.

*Remaining recommendations*

After careful review of the evidence in the record, the Court finds those portions of Magistrate Judge Go's R&R to which neither party has objected to be correct, comprehensive, well-reasoned, and free of any clear error. The Court, therefore, adopts these portions of the R&R in their entirety as the opinion of the Court.

## Conclusion

For the reasons set forth above, the Court sustains plaintiff's objection that it should have been awarded interest for the delinquent payments to the 401(k) plan, but otherwise adopts the R&R in its entirety, including its calculation of attorney's fees.

Accordingly, plaintiff is awarded (a) $68,850.51 for unpaid contributions; (b) $6,292.84 for interest on unpaid contributions through April 22, 2011, at a rate of $5.66 per day; (c) $5,341.23 for interest on late-paid contributions; (d) $192.90 in lost investment income due to defendant's failure to remit withheld employee contributions to the 401(k) plan; (e) $184.49 for

underpaid contributions; (f) liquidated damages of $29,031.74; (g) $7,574.00 in attorney's fees; and (h) $496.48 in costs, for a total of $117,964.19.

The Clerk is directed to enter judgment and close this case.

**SO ORDERED.**

Dated: Brooklyn, New York
April 22, 2011

s/ENV

———————————————
ERIC N. VITALIANO
U.S.D.J.